R. Ferraro Collision, Inc., Respondent, v Universal Underwriters Insurance Company, Also Known as Universal Underwriters Group, Appellant. [850 NYS2d 491]—

In an action, inter alia, for a judgment declaring that the defendant is obligated to indemnify the plaintiff in the sum of $134,917 pursuant to a policy of insurance for the loss of personal property, the defendant appeals from an order of the Supreme Court, Kings County (Schmidt, J.), dated September 29, 2006, which denied its motion for summary judgment declaring that it is not so obligated.

Ordered that the order is reversed, on the law, with costs, the defendant's motion is granted, and the matter is remitted to the Supreme Court, Kings County, for the entry of a judgment declaring that the defendant is not obligated to indemnify the plaintiff in the sum of $134,917.

The plaintiff, an automobile body repair shop, commenced this action against the defendant insurance company, inter alia, for a judgment declaring that the defendant is obligated to indemnify it under the terms of its insurance policy in the sum

of $134,917, the value of a Mercedes-Benz automobile belonging to one of its customers that was stolen from its garage. In its complaint, the plaintiff alleged that the customer owed it funds in excess of this amount, and "in payment for the loss of the" vehicle, the customer "kept" funds totaling this amount. The plaintiff alleged that the defendant was obligated to indemnify it for the amount "kept" by the customer.

The defendant moved for summary judgment, contending, inter alia, that the plaintiff was not entitled to any indemnification because it failed to comply with the provision concerning its "duties after loss," as set forth in the insurance policy. In particular, the defendant alleged that the plaintiff made a payment to the customer without the defendant's consent.

The insurance policy provides that the defendant "will not defend or pay any LOSS for YOU or any other INSURED who fails to comply with their duties after loss." One of the "duties after loss" imposed upon the plaintiff is to "assume no obligation, make no offer of payment, and incur no expenses without OUR consent, except at the INSURED'S own cost."

The defendant made a prima facie showing of its entitlement to judgment as a matter of law (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]) by submitting the deposition transcript of the plaintiff's president, in which he testified that he satisfied the alleged $134,917 debt that the customer claimed the plaintiff owed it. The plaintiff's president further testified that he "paid" the customer because he did not want the business relationship with the customer to end. The plaintiff presented no evidence to refute the defendant's prima facie showing, and failed to raise a triable issue of fact. Accordingly, the Supreme Court should have granted the defendant's motion for summary judgment.

Since this is, in part, a declaratory judgment action, we remit the matter to the Supreme Court, Kings County, for the entry of a judgment declaring that the defendant is not obligated to indemnify the plaintiff in the sum of $134,917 (*see Lanza v Wagner*, 11 NY2d 317 [1962], *appeal dismissed* 371 US 74 [1962], *cert denied* 371 US 901 [1962]). Mastro, J.P., Santucci, Balkin and Dickerson, JJ., concur.